IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | | |
|---|---|---|
| ISAAC ROMAINE YOUNG, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 421-168 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner brings the above-captioned petition pursuant to 28 U.S.C. § 2241. As "it appears from the application that the applicant or person detained is not entitled" to the relief he seeks, the Court now makes its recommendation without directing any respondent to file a response to the instant petition. 28 U.S.C. § 2243. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** the petition be **DISMISSED WITHOUT PREJUDCE AS PREMATURE**.

I.   **BACKGROUND**

Petitioner seeks to "set aside, vacate and correct [his] sentence" imposed in United States v. Young, CR 419-019 (S.D. Ga. Jan. 8, 2019). (Doc. no. 1, p. 2.) In that case, Petitioner pleaded guilty to one count of Conspiracy to Possess with Intent to Distribute and to Distribute Controlled Substances (Cocaine Base) and for sentencing purposes was designated as a career offender under § 4B1.1 of the United States Sentencing Guidelines. CR 419-019, doc. nos.

68-70, 106.  On September 24, 2019, United States District Judge R. Stan Baker sentenced Petitioner to a below-Guidelines range sentence of 140 months in prison, three years of supervised release, and a special assessment of $100.00.  Id., doc. nos. 126, 129-30.  Judgment entered on October 2, 2019.  Id., doc. no. 129.  Petitioner first reported his desire to file a direct appeal but then changed his mind and instructed defense counsel to file an amended notice stating his desire not to appeal.  Id., doc. nos. 128, 131.  No direct appeal was filed.

On September 22, 2020, Petitioner filed a "Motion to Withdraw Plea," in which he makes arguments concerning alleged ineffective assistance of counsel and mental incompetence that Petitioner claims invalidated his guilty plea.  Id., doc. nos. 138, 141, 148.  The Court construed the motion as one filed pursuant to 28 U.S.C. § 2255, issued the requisite warning under Castro v. United States, 540 U.S. 375, 383 (2003), and directed the Clerk of Court to open a new civil case for the construed § 2255 motion.  Id., doc. no. 150; see also Young v. United States, CV 421-060 (S.D. Ga. Mar. 1, 2021).  In response to the Castro notice, Petitioner filed multiple claims in the newly-opened § 2255 case, including, *inter alia*, alleged ineffective assistance of counsel, insufficient facts to support the guilty plea, and imposition of an overly-harsh sentence.  CV 421-060, doc. nos. 4, 8.  As part of the pending § 2255 case, Petitioner filed a document entitled "Motion, 2255, Writ of Error Coram Nobis," in which he asks the "Court to vacate the harsh imposed judgment that doesn't merit the offense of the accused offender to be classified as a career criminal by the statue to fit the enhancement criteria. [sic]"  Id., doc. no. 6, pp. 3-4.  The government moved to dismiss the writ of error coram nobis, (id., doc. no. 7), but the Court has not yet reviewed the § 2255 motion, and amendments, under Rule 4 of the Rules Governing Section 2255 Proceedings for the United

States District Courts to determine whether the United States attorney must file an answer or response to Petitioner's allegations in the § 2255 motion.

While waiting for further action in his § 2255 case, on June 2, 2021, Petitioner filed the above-captioned petition pursuant to 28 U.S.C. § 2241. In this civil action, Petitioner candidly admits he is challenging the sentence imposed in his underlying federal criminal case and again raises several claims of ineffective assistance of counsel and alleges he was incompetent to enter a guilty plea. (See generally doc. no. 1.) The ineffective assistance claims in this case are the same or nearly the same as the ineffective assistance claims raised in the pending § 2255 motion, *i.e.*, counsel provided bad advice about pleading guilty and did not properly challenge the harsh sentence imposed.

## II.   DISCUSSION

### A.   The Petition Should Be Dismissed Without Prejudice as Premature

Under the general habeas corpus statute, "district courts . . . within their respective jurisdictions" may grant writs of habeas corpus to prisoners "in custody in violation of the Constitution or law or treaties of the United States." 28 U.S.C. § 2241. However, "[t]ypically, collateral attacks on the validity of a federal sentence must be brought under § 2255." Darby v. Hawk-Sawyer, 405 F.3d 942, 944-45 (11th Cir. 2005); see also Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1351-52 (11th Cir. 2008). Under limited circumstances, a provision of § 2255, known as the "savings clause," permits a federal prisoner to challenge the legality of his detention in a § 2241 petition when the "remedy by motion is inadequate or ineffective to test the legality of [a petitioner's] detention." 28 U.S.C. § 2255(e); McCarthan v. Director of Goodwill Industries-Suncoast, Inc., 851 F.3d 1076, 1081-82 (11th

Cir.) (*en banc*), *cert denied sub nom*. McCarthan v. Collins, 138 S. Ct. 502 (U.S. 2017). Petitioner bears the initial burden of establishing satisfaction of the savings clause, Ramiro v. Vasquez, 210 F. App'x 901, 904 (11th Cir. 2006) (*per curiam*), and such satisfaction is a jurisdictional prerequisite for a court to consider a § 2241 petition. McCarthan, 851 F.3d at 1099.

> In McCarthan, the Eleventh Circuit explained the savings clause analysis as follows:
>
> [W]e ask only whether the motion to vacate is an adequate procedure to test the prisoner's claim. And to answer that question, we ask whether the prisoner would have been permitted to bring that claim in a motion to vacate [under § 2255]. In other words, a prisoner has a meaningful opportunity to test his claim whenever section 2255 can provide him a remedy.

Id. In sum, McCarthan stands for the proposition that the saving clause is to only be applied in "limited circumstances" where a petitioner's claims cannot be remedied by § 2255. Id. at 1093.

Here, Petitioner has access to adequate procedures to test his conviction and sentence in a § 2255 motion. Indeed, he has just such a case pending. See CV 421-060. "[T]he cases in this circuit consistently recognize that prisoners who seek to collaterally attack a conviction or sentence must satisfy the procedural requisites of . . . § 2255, however, their petition is captioned. . . ." Antonelli, 542 F.3d at 1351. The validity of Petitioner's conviction and sentence is properly challenged via a § 2255 motion. See Darby, 405 F.3d at 944-45. Petitioner may not simultaneously challenge his conviction and/or sentence in two separate proceedings. Although the claims raised in both cases appear to closely mirror each other, to the extent Petitioner wants to add claims for relief regarding his sentence, he should file a motion to amend in his § 2255 case. However, Petitioner may not alter the Court's normal

4

course of business by simultaneously pursuing the same relief in two separate actions. As have other courts, this Court recommends the § 2241 case be dismissed without prejudice as premature. See Colbert v. Ives, Civ. No. 12-99-GFVT, 2013 WL 1856080, at *4-5 (E.D. Ky. Apr. 30, 2013) (rejecting attempt to pursue § 2241 relief while § 2255 challenge pending and collecting cases for dismissing § 2241 petition as premature until conclusion of § 2255 proceedings).

In sum, Petitioner's § 2241 petition constitutes an improper attempt to circumvent the requirements for filing and obtaining final adjudication of his § 2255 motion. Petitioner cannot avoid these requirements simply by purportedly raising his challenge under § 2241. See McCarthan, 851 F.3d at 1092. Nothing in this recommendation is intended to prevent Petitioner from moving to amend any of the claims in the instant case into his pending § 2255 motion, subject, of course, to all applicable rules for amending a § 2255 motion. The judicial officer considering the pending § 2255 motion will address Petitioner's claims in the normal course of business.

### B. Leave to Appeal *In Forma Pauperis*

The Court should deny Petitioner leave to appeal *in forma pauperis* ("IFP"). An appeal cannot be taken IFP if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith. See 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3)(A). Thus, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith, and the Court should **DENY** Petitioner leave to appeal IFP. See 28 U.S.C. § 1915(a)(3).

### III. CONCLUSION

For the reasons stated above, the Court **REPORTS** and **RECOMMENDS** the petition be **DISMISSED WITHOUT PREJUDCE AS PREMATURE** and this case be **CLOSED**. If Petitioner wants to pursue the claims in this petition while his § 2255 motion is still pending, he should file a motion to amend to add the claims in his pending § 2255 case. The Court further **RECOMMENDS** Petitioner be denied leave to appeal IFP.

As this recommendation is related to the pending proceedings in CV 421-060, the Court **DIRECTS** the **CLERK** to serve a copy of this Recommendation on the attorneys representing the United States of America in that case.

SO REPORTED and RECOMMENDED this 14th day of December, 2021, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA